JUDGE FORREST

11 CIV 9333

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
EDWARD DOWD,

                        Plaintiff,

   -against-

THE CITY OF NEW YORK, QUEENS COUNTY DISTRICT
ATTORNEY, RICHARD BROWN, QUEENS COUNTY
DISTRICT ATTORNEY, SENIOR EXECUTIVE ASSISTANT
DISTRICT ATTORNEY JAMES QUINN, ASSISTANT DISTRICT
ATTORNEY USHIR PANDIT, CHIEF LAWRENCE FESTA,
LIEUTENANT DANIEL COLLINS, DETECTIVE GEORGINNA
DEROSA and UNIDENTIFIED DISTRICT ATTORNEY
POLICE OFFICERS, EMPLOYEES AND AGENTS, all sued herein
in their capacities as individuals,

                        Defendants,
------------------------------------------------X

COMPLAINT

CIVIL ACTION NO.:

JURY TRIAL DEMANDED

The plaintiff, complaining of the Defendants, by his attorney, FRED LICHTMACHER of the Law Office of Fred Lichtmacher P.C., respectfully shows to this Court and alleges:

## JURISDICTION

Jurisdiction is founded upon the existence of a Federal Question.

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. §§ 1983, 1985 & 1986) and arising under the law and statutes of the State of New York.

3. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3) and 1343(4), this being an

regulation, custom and usage of a right, privilege, and immunity secured to Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. An award of attorneys' fees is appropriate pursuant to 42 U.S.C. § 1988.

## PARTIES

6. The Plaintiff EDWARD DOWD is a resident of the United States and is a resident of the County of Suffolk, State of New York.

7. Upon information and belief, at all times hereinafter mentioned, the Defendant, CITY OF NEW YORK (NYC), was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Upon information and belief, that at all times hereinafter mentioned, the Defendant QUEENS COUNTY DISTRICT ATTORNEY, sued herein as an individual, was and still is a municipal official elected under and by virtue of the laws of the State of New York.

9. Upon information and belief, that at all times hereinafter mentioned, the Defendant the QUEENS COUNTY DISTRICT ATTORNEY his agents, servants and employees operated, maintained and controlled the servants, agents and employees via the principle of respondeat superior as at all times relevant all Defendant officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

10. Upon information and belief, that at all times hereinafter mentioned, Defendants SENIOR EXECUTIVE ASSISTANT DISTRICT ATTORNEY JAMES QUINN, ASSISTANT DISTRICT ATTORNEY USHIR PANDIT, CHIEF LAWRENCE FESTA, LIEUTENANT

DANIEL COLLINS, DETECTIVE GEORGINNA DEROSA and UNIDENTIFIED DISTRICT ATTORNEY INVESTIGATORS, EMPLOYEES AND AGENTS, sued herein as individuals, were employed by the defendants NYC and the QUEENS COUNTY DISTRICT ATTORNEY.

11.     This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 and the rights under the Constitution and laws of the State of New York.

12.     Each and all of the acts of the Defendants alleged herein were done by the Defendants, their agents, servants and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York, and under the authority of their office as law enforcement officers of said state and city.

## STATEMENT OF FACTS

13.     Plaintiff EDWARD DOWD was unlawfully subjected to illegal eavesdropping and/or wiretapping actions by the Defendants and was subject to unlawful searches of his telephone records by the Defendants. On or about October 2011 the Defendants working together violated the Plaintiff's constitutional rights by entering into an agreement to use Sata Singh to illegally eavesdrop/wiretap the Plaintiff's conversations in an effort to gather information to discredit and/or intimidate the Plaintiff and to stop him from assisting a person who was prosecuted by the Defendant QUEENS COUNTY DISTRICT ATTORNEY.

14.     Defendants' actions included obtaining the telephone records of the plaintiff without a

warrant in violation of the constitution. Their actions also included downloading an application on a cellular telephone so that the defendants could surreptitiously listen to the plaintiff's conversations. This was accomplished by the Defendants instructing Sata Singh to place the illegally doctored telephone in the Plaintiff's car and near his presence and then leaving the presence of the plaintiff. On at least three occasions in October 2011, the Defendants were able to accomplish this illegal listening and taping of the plaintiff's conversations and telephone calls, all outside the presence of Sata Singh. The Defendants knew that their actions were in violation of laws of New York and the constitutions of New York and the United States but illegally and maliciously proceeded with their conspiracy to try to gather information by any means in total disregard of the law and the constitution.

**AS AND FOR A FIRST CAUSE OF ACTION  
ON BEHALF OF PLAINTIFF  
VIOLATION OF THE FOURTH  
AMENDMENT PURSUANT TO  
42 U.S.C. § 1983**

15. Plaintiff repeats every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

16. The Plaintiff's rights have been violated under the Fourth and Fourteenth amendments of the United States Constitution pursuant to 42 U.S.C. § 1983. Plaintiff had his rights to privacy violated and was subjected to an unlawful search of his telephone records and unlawful listening to and monitoring of his conversations, abuse of process and intentional infliction of emotional distress.

17. As a direct result of Defendants' actions, Plaintiff was deprived of rights, privileges and

immunities under the Fourth and Fourteenth Amendments of the United States Constitution being more particularly Plaintiff's rights: to be secure in his person, papers, and effects against unreasonable searches and seizures; not to be deprived of life, liberty, and property without due process of law.

18. The Defendants worked together to violate Plaintiffs' rights in that the individual officers acted in concert to unlawfully violate plaintiff's rights.

19. Plaintiff thereby suffered harms, he was impeded in his attempt to earn a living and that he was otherwise harmed.

20. By reason of the aforesaid, the Plaintiff has been damaged in an amount to be determined at trial and he is entitled to an award of punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## VIOLATION OF THE FOURTH AMENDMENT PURSUANT TO
## 42 U.S.C. § 1983
## SUPERVISORY LIABILITY

21. Plaintiff repeats every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

22. Defendants NYC, QUEENS COUNTY DISTRICT ATTORNEY, QUINN, FESTA and UNIDENTIFIED PERSONS, who were supervisors as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to Plaintiff's constitutional rights under 42 U.S.C. § 1983, thereby causing the Defendants in this case to engage in the above mentioned unlawful conduct.

23 Plaintiff thereby suffered emotional harms, he was impeded in his attempt to earn a living

and that he was otherwise harmed. By reason of the aforesaid, the Plaintiff has been damaged in an amount to be determined at trial and he is entitled to an award of punitive damages.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
### 42 U.S.C. § 1985

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

25. Plaintiff's rights were violated pursuant to 42 U.S.C. § 1985(2) by Defendants, who in an effort to obstruct justice, acted together and in concert in a manner which violated Plaintiff's rights.

26. Defendants' actions were intended to deter Plaintiff from working and in assisting his clients in obtaining a fair hearing in court.

27. Defendants acted together and in concert for the sole purpose of harming Plaintiff.

28. Defendants' actions were intentional, malicious and intended to violate Plaintiff's and vicariously, his client's, rights.

29. As a direct consequence of the defendants' actions, Plaintiff was damaged pecuniarily in that he was prevented from working effectively, and that he was otherwise harmed.

30. By reason of the aforesaid, the Plaintiff has been damaged in a sum to be determined at trial, he is entitled to an award of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF Plaintiff
### VIOLATION OF THE Plaintiff'S RIGHTS PURSUANT TO
### 42 U.S.C. § 1986

31.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

32.     Plaintiff's rights were violated pursuant to 42 U.S.C. § 1986 in that the defendants who had knowledge of the acts be done herein, were committed and/or were about to be committed, and said defendants having power to prevent or aid in preventing the commission of the same, neglected and/or refused so to do, and are thereby liable to the Plaintiff for their negligent failure to prevent his harms.

33.     The defendants are thereby liable to the Plaintiff in that he was injured, he continues to be injured by such wrongful acts and that the defendants, if they had employed reasonable diligence, could have prevented Plaintiff's harms.

34.     Plaintiff has been damaged as a direct consequence of defendants' failure to take action to prevent the violation of Plaintiff's rights. As a direct consequence of the defendant's negligently allowing Plaintiff's rights to be violated by the aforementioned actions taken against him Plaintiff was damaged Pecuniarily in that he was prevented from working effectively and that he was otherwise harmed.

35.     By reason of the aforesaid, the Plaintiff has been damaged in a sum to be determined at trial and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## VIOLATION OF PLAINTIFF'S FOURTH AND
## FOURTEENTH AMENDMENT RIGHTS
## BY THE CITY OF NEW YORK,
## MONELL CLAIM

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

37. Defendants violated the rights of Plaintiff pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

38. Defendants NYC as well as unidentified supervisors and final decision makers, as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain the Defendants herein, despite their knowledge of the recurring problem of violations of the Constitutional rights of citizens by matters overtly similar to the instant matter, in spite of repeated complaints of similar behavior, and there has been no meaningful attempt on the part of NYC to investigate or forestall further incidents.

39. Defendant NYC has caused, encouraged, condoned and has been deliberately indifferent to unconstitutional acts performed by members of the NYPD and the defendants in the instant matter and has thereby caused the violations of Plaintiff's rights.

40. Defendant NYC knew of the patterns of misconduct and the actual conduct articulated above and did nothing, thereby acquiescing in, or tacitly authorizing, the defendants' actions.

41. As a direct consequence of the defendants' having violated Plaintiff's rights, Plaintiff was damaged pecuniarily in that he was impeded from accomplishing his work and he was otherwise harmed.

42. By reason of the aforesaid, the Plaintiff has been damaged in a sum to be determined at trial and he is entitled to an award of reasonable attorneys' fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff demands judgment as stated against the Defendants; and reasonable attorneys' fees; together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
December 20, 2011

FRED LICHTMACHER (FL-5341)
The Law Office of Fred Lichtmacher P.C.
Attorney for Plaintiff
The Empire State Building
350 5th Avenue Suite 7116
New York, NY 10118
(212)922-9066